The action was continued nisi for advisement, and at the March term following in Suffolk, the opinion of the Court was delivered by
Parsons, C. J.
The action is covenant broken, and comes before us on a general demurrer to the fourth count. In this count, the plaintiff alleges that Trueman, on the 26th of September, 1800, being then seised in fee of certain lands in Westford, which seisin he acquired by a conveyance from Thomas Symmes, who was in by disseisin, by his deed of that date granted and sold the same to the plaintiff in fee, and covenanted that the said lands were free from all encumbrances. The breach alleged is that the heirs of the disseisee had, at the time when the deed was executed, a paramount right to the same lands.
All the facts contained in this count, which are well pleaded, are confessed by the demurrer. And the question is, whether this paramount right to the lands in the heirs of the disseisee, at the time of the grant to the plaintiff, is an encumbrance on the land granted.
*552 No authority in point on either side has been produced ; and the question must be decided on general principles. On these principles we are of opinion that every right to, or interest in, the laud granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance, must be deemed in law an encumbrance. We say consistent with the [ * 630 ] passing of the fee of the land by * the conveyance, because, if nothing passed by the deed, the grantee cannot hold the estate under the grantor. Thus a right to an easement of any kind in the land is an encumbrance. So is a mortgage. So, also, is a claim of dower, which may partially defeat the plaintiff’s title, by taking a freehold in one third out of it. And for the same reason, a paramount right which may wholly defeat the plaintiff’s title, is an encumbrance. It is a weight on his land, which must lessen the value of it.
It may be objected that, if a paramount right is an encumbrance, for which the grantee may recover damages, it would operate unreasonably and unjustly as between the parties to the covenant. For after the grantor had paid for the value of the lands in damages, the grantee would still hold it, and might never be disturbed by a dormant title. Or, if he should be afterwards evicted, the grantor would again be liable to the grantee on the warranty in consequence of the eviction.
If these inconveniences would follow from considering a para mount right as an encumbrance, the objection would have great weight, not only on this point, but also in cases of mortgages and claims of dower, which it is not disputed are encumbrances. But by duly attending to the rule in assessing damages, the objection will vanish. Where a subsisting easement is alleged as the encumbrance, the injury arising from the easement, or the fair and reasonable price paid by the grantee to extinguish it, of which the jury will judge, is the measure of the damages. If a mortgage, which is a collateral security, is the encumbrance,, the grantee can recover only nominal damages, unless he has removed it, because the mortgagee can compel the mortgagor to pay the debt by suing the principal security; but if the grantee has paid it, so that the mortgagor is discharged, the sum secured by the mortgage is the measure of damages. If a right to dower is the encumbrance complained of, il it be not extinguished by the grantee, he can recover only nominal damages. But if he has extinguished it, the jury will allow him in damages the fair price it necessarily cost him. For if this right be extinguished, it can never after be the foundation of any claim on the grantor.
So, in the case before us, if the plaintiff, the grantee, has not' *553 extinguished the paramount right, but it still remains * against his title, he shall recover nominal damages only, [ * 631 ] for the reason on which the objection is founded. For the plaintiff shall not recover the value of the land against the grantor, and still hold the land on a contingency that he may never be disturbed in his possession. Neither shall the grantor, the defendant, after having once paid the value of the land, be after-wards called on by the plaintiff on a subsequent eviction. But if it should appear to the jury, who may inquire of the damages, that the plaintiff has, at a just and reasonable price, extinguished this title, so that it can never afterwards prejudice the grantor, they will consider this price as the measure of damages.
The law thus settled will be generally convenient. For if we are mistaken in the law, the grantee can have no remedy on the usual covenants in our deeds of conveyance, until .he is evicted. In the mean time, he may be unwilling to make improvements; and when he is evicted, the grantor may be unable to make him any compensation.
The covenant of seisin is not broken, for it is admitted that the grantor was seised ; neither is the covenant of a right to convey broken, for a man seised has a right to convey; and on the war ranty there is no remedy, until after eviction.
In English deeds, there is sometimes inserted a covenant that the grantor has good right to convey an indefeasible estate in fee. On this covenant only nominal damages would be given, until the estate conveyed had been defeated, or the right to defeat it had been extinguished. This covenant is not usually, if ever, introduced into our deeds of conveyance, and upon the construction of covenants against encumbrances is unnecessary.
In adopting this construction, we have not been governed entirely by arguments ab inconvenienii, but have used the language of these covenants in the popular sense of the country, and consequently in the sense in which it is generally understood by' the parties to con veyances. A purchaser from one who is seised is not, therefore, obliged to wait in painful suspense until he be evicted, before he can obtain an adequate remedy; but as soon as he can extinguish the encumbrance, he may call on his grantor for an indemnity. (a)

Declaration adjudged good.

 [Vide, ante, Twambly vs. Hendley, 441. — Ed.]